[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married in Danbury, Connecticut on October 21, 1977. By complaint dated April 12, 2001 the Wife instituted this action claiming a dissolution of marriage, sole custody of the minor children, child support, alimony, counsel fees, an equitable division of the assets, and other relief as law and equity might provide. The Husband filed an Answer and Cross Complaint dated May 3, 2002 claiming a dissolution of the marriage, joint custody of the minor children, an equitable distributor of the parties' property, and other relief as law and equity might provide.
Two minor children were born issue of this marriage: Danielle, born on January 15, 1986 and Ashlee, born on May 16, 1991.
The Husband is age 46 and in fair health. The Wife is age 47 and in good health.
In a half day trial, very little evidence was presented as to the cause for the breakdown of the marriage. The Husband testified that the hours the Wife worked as a nurse impacted on the family unit during the last 4 years of the marriage. However, those were the hours the Wife worked throughout the marriage and continues to work today. Therefore, both parties are responsible for the breakdown of the marriage.
The Court finds that residence requirements have been satisfied and neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 81 5j of the General Statutes were CT Page 8354 considered by the court in the entry of the following orders as well as the evidence, testimony and claims of law made by the parties:
ORDERS:
DISSOLUTION OF MARRIAGE
A decree dissolving the marriage on the grounds of irretrievable breakdown shall enter on July 11, 2002.
CUSTODY/VISITATION
The parties have agreed to joint custody of the minor children, with the children primarily residing with the Wife. If the parties are unable to agree on issues concerning the children, after consulting with the Husband, the Wife shall have the final decision making authority. The Husband shall have the right of reasonable, flexible and liberal visitation. The Husband's visitation shall at least include one evening per week for dinner for two hours with the children. The Husband shall have alternate weekend visitation with the children commencing Fridays at 6:00 p.m. until Sundays at 6:00 p.m. If the older daughter does not wish to overnight with the Husband, the Husband shall arrange with the Wife another visitation schedule with that daughter. The Husband and the Wife shall share or alternate all major holidays. The children shall be with the Husband on Father's Day and with the Wife on Mother's Day. During the summers, the Husband and the Wife shall be entitled to one uninterrupted week with the children, each selecting their week in writing to the other by May 1st year.
CHILD SUPPORT
The Husband shall pay to the Wife the sum of $188.00 per week as child support for the two children, said sum being in compliance with the Child Support Guidelines. An immediate income withholding shall enter since the parties did not execute a waiver.
The obligations of support and maintenance of the minor children shall terminate as each such child attains the age of eighteen (18) years, marries, dies, becomes employed full time being no longer enrolled in high school, or ceases to reside with the Wife under circumstances where the Wife is no longer furnishing the child's support or becomes otherwise emancipated, which ever occurs first.
Notwithstanding that a child has reached the age of eighteen (18) years, if the child is a full time high school student and continues to reside with the Wife, the Husband shall continue to pay child support as CT Page 8355 specified above, until the child completes the twelfth (12) grade or attains the age of nineteen (19) years, whichever occurs first.
However, the younger child, Ashlee, suffers from diabetes. She is insulin dependent at this time. Both parties agree that there shall be a second look at the duration of her child support pursuant to 46b-84 (c) when Ashlee attains the age of 17 years. At this time Ashlee is not disabled by her condition and is probably quite capable of having a normal life if her condition remains constant, however, there could be complications which would place her under the protections of 46b-84 (c). Therefore, a second look at age 17 is in Ashlee's best interests.
As long as he is current on his child support payments, the Husband shall take the oldest child as a dependent for tax purposes and the Wife shall take the youngest. When there is only one child remaining as a dependent, the Husband shall take the child in odd numbered years and the Wife shall take the child in even numbered years.
The parties shall equally share the cost of all summer camps (including medical camp for Ashlee), school related expenses and extracurricular activities of the children. The Husband does not have to agree to the children's participation in the activities, the Wife may use her best judgment in enrolling the children in such activities.
ALIMONY
Both parties are in good health and capable of supporting themselves, therefore, neither party shall pay alimony to the other.
MEDICAL INSURANCE AND UNREIMBURSED MEDICALS — CHILDREN
If the Husband has medical/dental insurance available to him through his employment at a reasonable cost, the Husband shall maintain, at his sole expense, medical/dental insurance for the children as long as he is obligated to pay child support for said child. If the Husband has no medical/dental insurance available through his employment, the parties shall equally share the cost of medical/dental insurance for the children.
Pursuant to the Child Support Guidelines, the Husband shall pay 36% of the unreimbursed medical/dental expenses and the Wife shall pay 64% of same.
The Wife shall not contract for any extraordinary expenses for the children without first consulting with the Husband except in case of emergencies. CT Page 8356
The provisions of 46b-84 (e) shall apply.
MEDICAL INSURANCE — WIFE
The Wife shall be responsible for her own medical insurance coverage.
LIFE INSURANCE
The Husband shall maintain his present Prudential life insurance in the amount of $125,000.00 naming the children as beneficiaries for as long as he is obligated to pay child support. Each year on or before January 15th, the Husband shall provide to the Wife proof that said policy is in effect under the terms ordered herein. The cash surrender value of all other life insurance policies, owned by both the Husband and the Wife, shall be added together and then equalized between the parties.
PERSONAL PROPERTY
The parties shall divide their personal property to their mutual satisfaction. If they are unable to do so, they shall submit the issue to Family Relations for mediation.
REAL PROPERTY
By agreement of the parties, the property located at 56 Pond Brook Road, Newtown shall remain the property of the Wife, free and clear of any claims by the Husband.
The property located at 54 Pond Brook Road, Newtown is currently jointly owned by the parties. The property was deeded to the Husband and the Wife by the Wife's father in 1978. The Husband, the Wife's father and the Husband's father all participated in the building of the house on the property. The Husband shall, within 40 days of the date of this dissolution and simultaneous with the execution of the below Mortgage Deed and Note, Quit Claim all of his right, title and interest in and to said property to the Wife. The Wife shall be solely responsible for all costs associated with said property, including, but not limited to the mortgage, taxes and insurance. The Wife shall indemnify and hold the Husband harmless in regards to the present mortgage on the property. The Wife shall execute a Mortgage Deed and Promissory Note in favor of the Husband in the amount of $134,000.00 in consideration of said transfer, except if the Wife foregoes her share of the Bank Accounts as articulated below, then and in that case the amount of the Husband's Mortgage Deed and Note shall be in the approximate amount of $66,827.35. The Note shall be payable in seven years and shall bear no interest and have no prepayment penalty. CT Page 8357
DIVISION OF DEBTS
Except as otherwise provided herein, the Husband shall be responsible for the debts on his financial affidavit and the Wife shall be responsible for the debts on her financial affidavit.
BANK ACCOUNTS — CHILDREN
The parties have agreed that the bank accounts, being held for the benefit of the children, shall remain the property of the children.
BANK ACCOUNTS, DEFERRED COMPENSATION ACCOUNTS, 401K ACCOUNTS, RETIREMENTSACCOUNTS
The parties each have bank accounts at People's Bank, these accounts shall remain the sole property of the person whose name is oh the account.
The Wife has a TIAF Account the approximate amount of $25,200.00. The Husband has a Prudential Annuity Account (#96530663) in the approximate amount of $66,975.00, a Tyres Organization Retirement Plan and Trust in the approximate amount of $36,132.82, a Prudential Annuity (#96544360) in the approximate amount of $6,037.41. The approximate total of all these accounts is $134,345.23. These accounts shall be divided equally by the parties. In the event that a QDRO is necessary to divide any of these accounts, the parties shall equally share the cost of preparation of any necessary documents. The Superior Court shall retain jurisdiction over the accounts until they are distributed between the parties and to resolve any disputes which may arise with regard to the preparation and execution of the QDROs.
However, the Wife may elect to forego obtaining her share of these accounts and apply her share to the consideration she is paying to the Husband for his interest in the martial property. If the Wife does so elect to reduce the amount of the Husband's Mortgage Deed and Note, as ordered hereinabove, then the Husband's Mortgage Deed and Note shall be in the amount of $134,000.00 less the Wife's share of the above account. (For example: If the Wife's share of the accounts is $67,172.61, then the Mortgage Deed and Note would be $66,827.39) The Wife shall make this election within 30 days of the date of this dissolution.
ATTORNEY FEES
The parties shall each be solely responsible for their own attorney fees CT Page 8358
TAX RETURNS
The parties shall file separate tax returns for the year 2002 and thereafter. In the past the parties have filed joint tax returns. If there is any liability, costs or penalty associated with the previous filings of joint income tax returns, the party responsible for the liability, cost or penalty shall be solely responsible for same and hold the other party harmless from same.
MOTOR VEHICLES
The Husband shall retain the 1998 Harley Sportster Motorcycle, the 1967 Chevrolet Camaro and the 1984 Ford F 150.
The Wife shall retain the 2000 Saturn.
The parties shall execute all documents necessary to effectuate this order.
MISCELLANEOUS
Each party shall sign any necessary documents to effectuate the orders contained herein.
 ___________________ FRANKEL, J.